IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**FILED**
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS

Sep 21, 2017

OFFICE OF THE CLERK

JAMES CRIPPEN,
ADC No. 163848
                    Plaintiff

No. ___17-2166 PKH-MEF___

VS.

COMPLAINT
Fifth,
Fourth, Eighth, and Fourteenth
Amendments

LT. GRILL, Crawford County
Sheriffs' Office, OFFICER
LAWRENCE, Van Buren Police
Department, RANDY ALLEN
and DONALD EVERSOLE, Detectives,
Van Buren Police Department,
LANN I REESE and PUTMAN,
Crawford County Drug Task
Force (DTF), TRAVIS WATKINS,
K-9 Officer, Sebastain County
Sheriff's Office, CRAWFORD
COUNTY SHERIFF'S OFFICE,
                    Defendants

42. U.S.C. § 1983

Jury Trial Demanded on Damages

## COMPLAINT

Plaintiff alleges against the Defendants as follows:

## I. Introduction to the Case and Facts

1. Plaintiff is an inmate in the Grimes Unit, of the Arkansas Department of Correction. At all times mentioned herein, Plaintiff was a detainee of the Crawford County Sheriff's Office.

2. On or about September 12, 2014, Plaintiff was pulled over after exiting Highway 540, on the 64 exit to Alma Arkansas, by different agencies in unmarked and marked Police vehicles.

3. After pulling over and placing my vehicle in park, Plaintiff was forcefully removed from his vehicle and was physically assaulted by the Officer's at the scene, by one of their service weapons.

4. During Plaintiff's Jury Trial. the actual beating against the Plaintiff was played and Plaintiff discovered that he was assaulted with excessive force by one of the officers at the scene.

5. At the time of Plaintiff's assault, Plaintiff had been heavily under the influence of narcotics and did not know this incident took place until it was discovered at trial.

## II.  Jurisdiction

6.  Plaintiff brings this action against Defendants to redress the deprivation of rights secured Plaintiff by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the common law.

7.  Plaintiff is a citizen of Arkansas. Each Defendant is, upon information and belief, a citizen of Arkansas. The matter in controversy exceeds the minimum requirement under local rules.

8.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, and 1343(a)(3), and 42 U.S.C. § 1983.

9.  Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state claims against Defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

10.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## III.  Parties

A.  Plaintiff

11.  Plaintiff, JAMES CLIPPEN, is an inmate in the

Grimes Unit of the Arkansas Department of Correction, 300 Corrections Drive • Newport, Arkansas, 72112.

12. Plaintiff was a detainee of the Crawford County Sheriffs Office at the time of the incident complained in this case.

B. Defendants

13. Defendant GRILL, (first name unknown) is a Lieutenant with the Crawford County Sheriffs Office in Crawford County, Arkansas. He is sued in his Official and Personal Capacity.

14. Defendant LAWRENCE, (first name unknown) is an Officer with the Van Buren Police Department in Crawford County, Arkansas. He is sued in his Personal Capacity.

15. Defendants RANDY ALLEN and DONALD EVERSOLE are detectives with the Van Buren Police Department in Crawford County, Arkansas. They are sued in their Personal Capacities.

16. Defendants LANNI REESE and PUTMAN (whose first name is unknown) are with the Crawford County Drug Task Force (DTF) in Crawford County, Arkansas. They are sued in their Personal Capacities.

17. Defendant TRAVIS WATKINS, is a K-9 Officer with the Sebastain County Sheriffs' Office in Sebastain County, Arkansas. He is sued in his Personal Capacity.

18. Defendant CRAWFORD COUNTY SHERIFFS OFFICE, is the jail where Plaintiff was held after the assault and battery took place. It is sued in its Official Capacity.

COUNT 1 : VIOLATION OF CONSTITUTIONAL RIGHTS
Defendant Lanni Reese
( Claim for Compensatory Damages)

19. Plaintiff James Crippen incorporates by reference Paragraphs 1 through 18 .

20. The intentional beating of Plaintiff by Defendant Lanni Reese violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, and Eighth Amendments to the United States Constitution, for which Defendant Reese is individually liable.

COUNT II : VIOLATION OF CONSTITUTIONAL RIGHTS
Defendant Lanni Reese
( Claim for Exemplary Damages)

21. Plaintiff James Crippen incorporates by reference Paragraphs 1 through 20 .

22. The intentional beating of Plaintiff by Defendant Reese when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, when Defendants had no lawful authority to use deadly or non-deadly force against Plaintiff, was done with actual malice towards Plaintiff and with willful and wanton indifference to and deliberate disregard

for the constitutional rights of Plaintiff.   Plaintiff is thus entitled
to exemplary damages.

COUNT III: VIOLATION OF STATUTORY CIVIL RIGHTS
Defendants Grill, Lawrence, Allen, Eversole,
Reese, Putman, and Watkins
( Claim for Compensatory Damages)

23.   Plaintiff James Crippen incorporates by reference
paragraphs 1 through 22.

24.   The intentional beating of Plaintiff by Defendants,
when Plaintiff was unarmed and did not pose a threat of death or
grievous bodily injury to Defendants or others, when Defendants had
no lawful authority to use deadly or nondeadly force against
Plaintiff, was done with actual malice toward Plaintiff and with
willful and wanton indifference to and deliberate disregard for the
statutory civil rights of Plaintiff.

COUNT IV: VIOLATION OF STATUTORY CIVIL RIGHTS
Defendants Grill, Lawrence, Allen, Eversole,
( Reese, Putman, and Watkins
( Claim for Exemplary Damages)
25.   Plaintiff James Crippen incorporates by reference
paragraphs 1 through 24.

26. The intentional beating of Plaintiff by Defendants when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, when Defendants had no lawful authority to use deadly or non-deadly force against Plaintiff, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

COUNT V: VIOLATION OF CONSTITUTIONAL RIGHTS
Defendants Grill, Lawrence, Allen,
Eversole, Reese, Putman, and Watkins
( Claim for Compensatory Damages)

27. Plaintiff James Crippen incorporates by reference in paragraphs 1 through 26.

28. It was the policy and practice of Crawford County to employ certain police officers, including Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins.

29. It was the policy and practice of Crawford County to authorize certain officers, including Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins to cover up the use of excessive force despite the lack of probable cause to use deadly

or non-deadly force against Plaintiff or any actual violation justifying the the arrest. This policy and practice of Crawford County encouraged and caused constitutional violations by police officers of the Crawford County Sheriff's Office, Van Buren Police Department and the Sebastian County Sheriff's K-9 officer, Defendant Watkins, including the violation of Plaintiff's constitutional rights by Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman and Watkins.

30.   It was the policy and practice of Crawford County to authorize certain officers, including Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins, to deny and prevent prompt medical treatment of injured persons in the care and custody of the Crawford County Sheriff's Office, and to abuse verbally those detained persons who sought to assert these rights. These policies and practices of Crawford County encouraged and caused constitutional violations by the Crawford County Sheriff's deputies, and Police Officers, including the violations of Plaintiff's constitutional rights by Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins.

31.   At all pertinent times, Defendants and other unknown supervisors who supervised the officers who unlawfully violated Plaintiff's rights encouraged and tolerated the policies and practices. Defendants at the Crawford County Sheriff's Office refused to adequately train, direct,

supervise, or control Defendants so as to prevent the violation of Plaintiff's constitutional rights.

32.   Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins were acting within the scope of their employment and pursuant to the policies and practices of Crawford County. These policies and practices were enforced by Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins, and were the moving force, proximate cause, or affirmative link behind the conduct causing the Plaintiff's injury. Crawford County Sheriff's Office and the above Defendants are therefore liable for the violations of Plaintiff's constitutional rights.

COUNT VI: CONSPIRACY TO VIOLATE CIVIL RIGHTS
Defendants Grill, Lawrence, Allen, Eversole
Reese, Putman and Watkins
( Claim for Compensatory Damages)

33.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 32.

33.   Defendants Grill, Lawrence, Allen, Eversole, Putman, and Watkins conspired with Defendant Reese to violate Plaintiff's statutory civil rights in violation of ~~0000000~~ 42 U.S.C. § 1983, for which Defendants Grill, Lawrence, Allen, Eversole, Putman, Reese, and Watkins are individually liable.

COUNT VII: ASSAULT AND BATTERY
Defendant Lanni Reese
(Claim for Compensatory Damages)

34.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 33.

35.   The beating, verbal abuse, and use of non-deadly force by Defendant Reese when he had no lawful authority when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, was without justification or provocation, was excessive, and constitutes assault and battery for which Defendant Lanni Reese is individually liable.

36.   As a proximate result of the assault and battery committed by Defendant Reese, Plaintiff has sustained permanent injuries and has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental and physical.

COUNT VIII: ASSAULT AND BATTERY
Defendant Lanni Reese
(Claim for Exemplary Damages)

37.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 36.

38    The intentional beating and verbal abuse of Plaintiff by Defendant Reese, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm or injury to Defendants or others, when Defendants did not have lawful authority to use deadly or non-deadly force against Plaintiff, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

COUNT IX: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Defendants Grill, Lowrence, Allen, Eversole, Reese, Putman and Watkins
( Claim for Compensatory Damages)

39.    The Plaintiff James Crippen incorporates by reference paragraphs 1 through 38.

40.    Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins were directly or indirectly involved in the intentional beating of Plaintiff in a manner that was extreme, outrageous, and unjustified, and caused Plaintiff to suffer physical and emotional distress for which they are individually liable.

COUNT X: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
Defendants Grill, Lawrence, Allen, Eversole,
Reese, Putman, and Watkins
(Claim for Exemplary Damages)

41.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 40.

42.   The intentional beating and verbal abuse of Plaintiff by Defendant Reese while ~~while~~ Defendants Grill, Lawrence, Allen, Eversole, Putman, and Watkins did nothing to prevent it, was unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

COUNT XI: RESPONDEAT SUPERIOR LIABILITY
Defendants Grill and Crawford
County Sheriff's Office
( Claim for Compensatory Damages)

43.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 42.

44.   At all times pertinent here to, Defendants Lawrence, Grill, Allen, Eversole, Reese, Putman, and Watkins were acting within the scope of their employment as officers of Crawford County Sheriffs Office.

45.   Crawford County Sheriff's Office is liable for Compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins, committed within the scope of their employment.

COUNT XII:   RESPONDEAT SUPERIOR LIABILITY
Defendant Crawford County Sheriff's Office
(Claim for Exemplary Damages)

46.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 45.

47.   Crawford County Sheriffs Office, through its agents, expressly authorized Defendant Reese to use excessive force; while Defendants Grill, Lawrence, Allen, Eversole, Putman, and Watkins stood by and did nothing to prevent it, knew, through its agents, that the Defendant officers had a propensity for committing intentional torts, using excessive force in the line of duty; and ~~acuuuused~~ acquiesced in the Defendant's wrongful acts and conduct. Plaintiff is thus entitled to exemplary damages against the Crawford

County Sheriff's Office for the malicious conduct of Defendants.

COUNT XIII. CRUEL AND UNUSUAL PUNISHMENT
Defendants Grill, Lawrence, Allen, Eversole
Reese, Putman, and Watkins
(Claim for Compensatory Damages)

48. Plaintiff James Crippen incorporates by reference paragraphs 1 through 47.

49. Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins, while acting as agents and employees for Crawford County, in their capacity as police officers for Crawford County, owed a duty to Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others constitutes cruel and unusual punishment for the intentional beating by Defendant Reese with his service weapon while Defendants Grill, Lawrence, Allen, Eversole, Putman, and Watkins Stood by without intervening, which Defendants are individually liable.

50. Defendant Reese's' use of force upon Plaintiff when Defendants had no lawful authority to use force against Plaintiff, causing injury to Plaintiff by the intentional beating, constitutes cruel and unusual punishment for which Defendants are individually liable.

COUNT XIV: CRUEL AND UNUSUAL PUNISHMENT
Defendants Grill, Lawrence, Allen
Eversole, Reese, Pudman, and Watkins
(Claim for Exemplary Damages)

51.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 50.

52.   The beating of Plaintiff by Defendant Reese when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others, and when Defendants had no lawful authority to use deadly or non-deadly force against Plaintiff, was done with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Defendant Reeses' blatant disregard for Plaintiff's safety and wellbeing, and the unlawful use of his service weapon, constitutes cruel and unusual punishment.   Plaintiff is thus entitled to exemplary damages.

COUNT XV: CRUEL AND UNUSUAL PUNISHMENT
Defendants Reese and Crawford County
Sheriff's Office
(Claim for Compensatory Damages)

53.   Plaintiff James Crippen incorporates by reference paragraphs 1 through 52.

54. At all times pertinent of the incident, Defendant Reese was acting within the scope of his employment as an officer of the Crawford County Sheriff's Office.

55. The Crawford County Sheriff's Office is liable for compensatory damages under the doctrine of respondent superior for the cruel and unusual punishment of Defendant Reese committed within the scope of their employment.

56. The Crawford County Sheriff's Office owed a duty to Plaintiff to train and supervise and otherwise control its police officers in the use of deadly or non-deadly force and other matters incidental to the exercise of police functions. The Crawford County Sheriff's Office failed to provide adequate training, supervision, and control of Defendant Reese and Defendant's Grill, Lawrence, Allen, Eversole, Putman, and Watkins actions of not intervening, which failure constitutes deliberate disregard for the Plaintiff's safety.

57. As a proximate result of the Crawford County Sheriff's Office failure to provide adequate training, supervision, and control of Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins, Plaintiff has sustained permanent injuries and Plaintiff has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental and physical.

COUNT XVI: CRUEL AND UNUSUAL PUNISHMENT
Defendant Reese and Crawford County
Sheriffs Office
( Claim for Exemplary Damages )

58. Plaintiff James Crippen incorporates by reference paragraphs 1 through 57.

59. The Crawford County Sheriff's Office's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

COUNT XVII: MALICIOUS ABUSE OF PROCESS
Defendants Grill, Lawrence, Allen,
Eversole, Reese, Putman, and Watkin
( Claim for Compensation Damages )

60. Plaintiff James Crippen incorporates by reference paragraphs 1 through 59.

61. Defendants Grill, Lawrence, Allen, Eversole, Reese, Putman, and Watkins, used criminal process against Plaintiff in order to intimidate Plaintiff and to dissuade Plaintiff from asserting Plaintiffs' rights against Defendants and in order to cover up their own wrong-doing and to avoid civil and criminal liability for their own acts.

62.   As a proximate result of this malicious abuse of process, Plaintiff suffered damages.

CUUNT XVIII: DENIAL OF MEDICAL TREATMENT
Defendants Grill and Crawford County
Sheriff's Office
(Claim for Compensatory Damages)

63.   Plaintiff James Cripper incorporates by reference paragraphs 1 through 62.

64.   Plaintiff was entitled to medical treatment upon Plaintiff's arrest and confinement and Defendant Grill deliberately and intentionally failed promptly to provide Plaintiff with such medical treatment.

65.   As a proximate result of this denial of medical treatment, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants and award the following amounts:

a.   $ 100,000 from each Defendant for compensatory damages in favor of Plaintiff;

b.   $ 100,000 from each Defendant, for exemplary damages in favor of Plaintiff;

c.   Costs of this action, including reasonable attorney fees to the Plaintiff; and

d.   Such other relief as the Court may deem appropriate.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Executed on _9/12/17_, 2017

James Crippen, # 163848
Grimes Unit / ADC
300 Corrections Drive
Newport, AR 72112

## CERTIFICATE OF SERVICE

I, James Crippen, do hereby certify that I have mailed a true and correct copy of the foregoing Complaint to the United States District Court, Western District of Arkansas, on this _12_ day of _Sept_, 2017, by the U.S. Postal Service, with proper postage affixed.

Plaintiff

800-4

**STATE OF ARKANSAS** )
                ) §
**COUNTY OF** Jackson )

## AFFIDAVIT

I, James Crippen , after first being duly sworn, do hereby swear, depose and state that: Due to the Supervisor over the Law Library being on Vacation, the foregoing Complaint on Lt. Grill v. Crippen, et al, did not get copied on time for being mailed on time pursuant to the statute of limitations of filing. Post mark is being completed on the 16th of September, and will reach the U.S. District Court on approximately the 17th or 18th of September.

I further swear that the statements, matters and things contained herein are true and accurate to the best of my knowledge, information and belief.

9/12/17
DATE

James Crippen
AFFIANT

565/91/1582
SOCIAL SECURITY #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this _13_ day of _Sept_ , 20_17_.

Atom Guit. Law Library
NOTARY PUBLIC        SUPERVISOR

My Commission Expires: _4- 7- 26_

ANTONIO GARCIA
NOTARY PUBLIC-STATE OF ARKANSAS
INDEPENDENCE COUNTY
My Commission Expires 04-07-2026
Commission # 12693285

800-4

**STATE OF ARKANSAS** )
) §
**COUNTY OF** Jackson )

### AFFIDAVIT

I, James Crupper , after first being duly sworn, do hereby swear, depose

and state that: I have not recieved the paid assistance

of any inmate of the Department of Corrections

or any other place of incarceration.

I further swear that the statements matters and things contained herein are true and accurate to the

best of my knowledge, information and belief.

9/12/2017
DATE

James Crupp
AFFIANT

565- 91-15B2
SOCIAL SECURITY #

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, on this  13  day of
    Sept    , 20 17 .

NOTARY PUBLIC

My Commission Expires:  4- 7- 26

ANTONIO GARCIA
NOTARY PUBLIC-STATE OF ARKANSAS
INDEPENDENCE COUNTY
My Commission Expires 04-07-2026
Commission # 12693285

NEOPOST
09/14/2017
US POSTAGE $

es Crippen #163848
Corrections Drive
PORT, AR. 72112

US District Court
Isaac C. Parker Federal Bldg.
30. S. 6th st. Room 1038

CENTRAL AR PADC 72~
THU 14 SEP 2017