IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JAMES CRIPPEN                                                                         PLAINTIFF

v.                                    Civil No. 2:17-02166

LIEUTENANT GRILL (Crawford County
Sheriff's Office), OFFICER LAWRENCE
(Van Buren Police Department "VBPD"),
DETECTIVE RANDY ALLEN (VBPD),
DETECTIVE DONALD EVERSOLE (VBPD),
LANNIE REESE (Crawford County Drug
Task Force), PUTMAN (Crawford County
Drug Task Force), TRAVIS WATKINS (K-9
Officer, Sebastian County Sheriff's Office),
SHERIFF RON BROWN (Crawford County
Sheriff's Office)                                             DEFENDANTS

## ORDER

The instant matter is a civil rights action filed by the Plaintiff, James Crippen, pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  (ECF No. 1, 12).  He is currently incarcerated in the Arkansas Department of Correction, Grimes Unit.

Before the Court are the following motions:  Motion to Dismiss by Defendant Watkins (ECF No. 18), Separate City Defendants' Motion to Dismiss (ECF No. 21), and Separate Defendant Ron Brown's Motion to Dismiss Plaintiff's Complaint (ECF No. 24).  Each motion asserts that Plaintiff's claims are time barred and should be dismissed.  In addition, Separate Defendant Watkins and Separate Defendant Brown argue that Plaintiff's claims against them should be dismissed due to insufficient process.  The Plaintiff has not responded to the motions.

### I.     BACKGROUND

The Plaintiff filed his Complaint on September 21, 2017.  (ECF No. 1).  An Amended Complaint was filed on December 1, 2017.  (ECF No. 10).  The Amended Complaint asserts five

claims: (1) excessive force/assault and battery, (2) intentional infliction of emotional distress, (3) cruel and unusual punishment, (4) denial of medical treatment, and (5) cruel and unusual punishment. Each claim relates to Plaintiff's arrest which occurred on September 12, 2014.

Service of the Amended Complaint was made on all of the instant Defendants on or about December 21, 2017. Separate Defendant Watkins points out that the Summons directed to him merely names "Watkins" as Defendant and does not contain his full name. Likewise, Separate Defendant Brown points out that the Summons directed to him names "Brown" as the Defendant and does not contain his full name.

## II. DISCUSSION

As set forth above, the Plaintiff's Amended Complaint sets forth four claims under 29 U.S.C. § 1983, and one pendant state claim for intentional infliction of emotional distress. Section 1983 does not contain its own statute of limitations. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (§ 1981 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. § 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001) (Ark. Code Ann. §16-56-105(3) is the statute of limitations applicable to § 1983 cases). Thus, any § 1983 claims based on events that occurred prior to September 21, 2014 would be barred by the statute of limitations.

In addition, under Arkansas law, the statute of limitations for the tort of intentional infliction of emotional distress is three years. *See* Ark. Code Ann. § 16-56-105. Because Plaintiff failed to bring this state cause of action within three years of the claim arising, his claim of intentional infliction of emotional distress is also time barred and subject to dismissal.

2

With respect to the arguments of Separate Defendants Watkins and Brown concerning insufficient service of process, the Court acknowledges that a Summons is required to "name the court and the parties," and must be "directed to the defendant." Fed. R. Civ. P. 4(a)(1)(A) & (B). The Court, however, finds it unnecessary to analyze the sufficiency of process in this matter as the Plaintiff's claims are barred by the statute of limitations.

### III.   CONCLUSION

The instant motions (ECF No. 18, 21, 24) should be, and hereby are, **GRANTED**, and this action is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED** this 1st day of March, 2018.

>                                    */s/P. K. Holmes, III*
>                                    P.K. HOLMES, III
>                                    CHIEF U.S. DISTRICT JUDGE